**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TREVIONE FLEMING** | **CIVIL ACTION** |
| **VERSUS** | |
| **EVEREST NATIONAL INSURANCE COMPANY, ET AL.** | **NO. 19-00611-BAJ-RLB** |

## RULING AND ORDER

Plaintiff's action was removed to this Court from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. In their Notice of Removal, Defendants invoke the Court's general diversity jurisdiction. Upon *sua sponte* review, however, the Court concludes that it lacks subject matter jurisdiction—and that this matter must be remanded—because Defendants have failed to affirmatively show that the amount in controversy likely exceeds $75,000.

### I. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte,* at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

19th JDC - Certified
Jury

defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." The question of "removal jurisdiction [is determined] on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In their Notice of Removal, Defendants assert traditional diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1 at ¶ 9). In addition to its diversity of citizenship requirement, § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

Here, Plaintiff's original state court Petition fails to specify an amount in controversy. (*See* Doc. 1-2 at pp. 1-5). In such instances, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "[T]he key to the door is an affirmative showing" that the amount in controversy is satisfied "at the time removal is attempted." *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961). The removing defendant carries its burden "either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or an accompanying affidavit to show that the amount-in-controversy is met." *Felton v.*

*Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003).

Defendants do not append affidavits or other evidence establishing the amount in controversy to their Notice of Removal. Instead, Defendants direct the Court's attention to the face of Plaintiff's Petition, suggesting that "the total of [Plaintiffs' allegations appear to] exceed the jurisdictional minimum for removal, based on reasonable belief." (Doc. 1 at ¶ 9). The Court disagrees. It is hardly apparent from Plaintiff's Petition that his damages exceed $75,000. The injuries alleged and damages claimed are vaguely stated—amounting to customary categories of damages universally set forth in personal injury actions—and, thus, provide the Court with little guidance as to the *actual* damages that Plaintiffs incurred. (*See* Doc. 1-2 at ¶¶ 6-7). "[R]emoval cannot be based simply upon conclusory allegations." *Felton*, 324 F.3d at 774 (quotation marks omitted). The various damages stated in Plaintiff's Petition are too speculative to establish that the Petition, standing alone, makes out a claim for more than $75,000.[1]

## II. CONCLUSION

In sum, Defendants have failed to make an affirmative showing that the

[1] Certainly, Plaintiff's alleged injuries create the *potential* for a claim in excess of $75,000. The mere *potential* for recovery in excess of the jurisdictional minimum, however, is not enough. Rather, Fifth Circuit law is clear that to satisfy the jurisdictional minimum, the defendant must show that it is *more likely than not* that the plaintiff will recover more than the jurisdictional minimum. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that the plaintiff "could well" recover more than the jurisdictional minimum); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that there is "some possibility" that the plaintiff will recover more than the jurisdictional minimum).

amount in controversy exceeds § 1332(a)'s jurisdictional minimum. Having no basis to exercise jurisdiction, this action "shall be remanded" pursuant to § 1447(c).

**IT IS ORDERED** that this action is **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Baton Rouge, Louisiana, this 18th day of August, 2021

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**